IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS M. MALDONADO-LAFUENTE ET AL.,

    Plaintiff,

                v.

DORELISSE JUARBE-JIMENEZ ET. AL.,

    Defendants.

Civil No. 14-1311(SEC)

**MEMORANDUM AND ORDER**

Before the Court are Dorelisse Juarbe-Jiménez, Ronald A. Wainwright, Adrián González-Vale, Teresita Rivera, and William Fontánez-Quiñones' (Defendants) motion to dismiss. Dockets ## 16, 31 & 41, Plaintiffs' oppositions thereto, Dockets ## 20, 40, & 4, and the parties replies and surreplies. Dockets ## 27 & 37. Since the parties did not address a legal argument bearing significantly on public policy and which may dispose of the case in its entirety, the Court raises the issue *sua sponte* and hereby gives notice and reasonable time for the parties to respond. Thus, Defendants' motions to dismiss are **HELD in ABEYANCE** pending the parties' briefs on the issues raised by the Court in this order.

**Factual and Procedural Background**

Luis M. Maldonado-Lafuente, Miriam de Jesús-García, and Waleska Fantauzzi-Méndez (Plaintiffs) all held trust positions within the Automobile Accidents Compensation Administration (ACAA, for its Spanish acronym) during the previous New Progressive Party (NPP) administration. They filed this action under 42 U.S.C. § 1983 against Defendants – also ACAA employees and alleged known members of the Popular Democratic Party (PDP) – in their personal and official capacities, alleging that they violated Plaintiffs' constitutional rights under the First Amendment, Due

Process, and Equal Protection clauses of the Constitution of the United States. They also seek redress under the laws and Constitution of Puerto Rico under this Court's supplemental jurisdiction. They posit that by reducing the salaries assigned upon reinstatement to their career positions before the new PDP administration took power, Defendants discriminated against them for their political affiliation with the NPP. Plaintiffs also sued William Fontánez (Fontánez) in his personal capacity and official capacity as president of the ACAA Employees' Independent Union (ACAAEIU), for his role in filing a complaint against ACAA before the Arbitrations and Conciliation Bureau of the Puerto Rico Department of Labor and Human Resources claiming that the ACAA had to reduce Plaintiffs' salaries.

The ACAA employees all maintain that they are entitled to qualified immunity under the Eleventh Amendment. Dockets ## 16 & 41. Wainwright, González and Rivera also contend that the complaint should be dismissed against them because: 1) they had no legal authority to reduce Plaintiffs' salaries; 2) the complaint fails to allege specific facts that Defendants knew of their political affiliation; and 3) Plaintiffs' claim is time barred under the applicable statute of limitations. Docket # 16. Fontánez, in turn, argues that the claims against him should be dismissed because: 1) the complaint fails to allege specific acts of discriminatory animus; 2) his actions were performed to implement ACAAEIU's collective bargaining agreement; 3) the Puerto Rico Relations Board has exclusive or primary jurisdiction of Plaintiffs' claims against him;[1] 4) as a union officer, he is not personally liable for actions performed under his official capacity; and 5) he is not a state actor within the meaning of 42 U.S.C. § 1983. Docket

---

[1] The Court easily disposes of Fontánez's underdeveloped jurisdictional challenge by noting that as a general rule, exhaustion of state administrative remedies is not a prerequisite of federal civil rights claims against state officials. See Steffel v. Thompson, 415 U.S. 452, 473 (1974) ("recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights."); see also Constr. Aggregates Corp. v. Rivera de Vicenty, 573 F.2d 86, 90 (1st Cir. 1978) (recognizing "the general rule that exhaustion of state administrative remedies is not a prerequisite to assertion of federal civil rights claims against state officials").

# 31. Defendants argue that since Plaintiffs' federal claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over the claims under Commonwealth law as well.

Neither party addresses whether Plaintiffs' assigned salaries upon reinstatement were legal under the Puerto Rico Public Service Human Resources Administration Act, P.R. Laws Ann. Tit. 3, § 1461 *et seq.* (Personnel Act). Because this question involves important public policy concerns that could potentially dispose of the case in its entirety, the Court raises the issue *sua sponte* and hereby gives notice and a reasonable time for the parties to address this matter. See Green v. Concord Baptist Church, 313 F. App'x 335, 336 (1st Cir. 2009) (recognizing the general rule that *sua sponte* dismissals of complaints under Rule 12(b)(6) are appropriate if the parties are afforded reasonable notice and an opportunity to amend the complaint or otherwise respond); see also Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002).

### Applicable Law and Analysis

The Personnel Act prohibits appointing authorities such as Executive Directors of public agencies from "making any personnel transaction… such as appointments, promotions, demotions, or transfers" within two months, before and after, the general elections period. P.R. Laws Ann. Tit. 3, § 1462(h). The 2012 general elections were held on November 6. Plaintiffs were reinstated with adjusted salaries on September 17 and December 17, Docket # 1, ¶¶ 27-29, well within the electoral ban provided in section 1462(h) of the Personnel Act.

At least twice, the First Circuit has addressed issues very similar to this case. Both times, it concluded that the assignment of the higher salaries associated with the employees' previous trust positions, upon their reinstatement to career positions during the electoral ban, violated Puerto Rico law. Therefore, the employees had no property interest in the increased salaries assigned upon reinstatement and thus, no due process claim accrued. See Colón-Santiago v. Rosario, 438 F.3d 101 (2006) and Morales-Santiago v. Hernández-Perez, 488 F.3d 465 (2007).

In Colón-Santiago, former trust employees from the Puerto Rico Power Authority (PREPA) were reinstated to their career positions during the Personnel Act's electoral ban and were assigned the same salary they received under their trust positions – which were higher than the ones corresponding to their career positions. As in this case, after the PDP won the 2000 elections, PREPA's new Executive Director reduced the employee's salaries to the ones they received under their previous career positions. The employees then filed claims under 42 U.S.C. § 1983 alleging violations of the First, Fifth, and Fourteenth Amendments of the Constitution of the United States. Partially affirming the district court's entry of summary judgment, the First Circuit held that public employees had no property interest in the salaries assigned upon reinstatement to their career positions that would configure a due process violation. "In Puerto Rico, authorities are forbidden from making 'any movement of personnel involving areas essential to the merit principle, such as appointments, promotions, demotions, transfers and changes in the category of employees' two months prior to and two months after an election[,]" Colón-Santiago, 438 F.3d at 109 (citations omitted). Thus, while "career employees have a property interest in their continued employment… that interest is non-existent *ab initio* if the employees gained their career positions in violation of the Personnel Act or regulations promulgated thereunder." Id. at 108 (citing González-De-Blasini v. Family Dept., 377 F.3d 81, 86 (1st Cir. 2004)). Moreover, the court stated that regardless of whether the reinstatements in general did not violate or "had not occurred during the electoral ban, [the employees] still did not have a property interest in their reinstatement salaries." Id. at 109.

Also similar to this case, the employees in Colón-Santiago relied on the discretion of PREPA's Executive Director to award a higher salary upon an employee's reinstatement. The parties disputed whether the provision granting discretion to the Executive Director was in effect at the time of the reinstatement. The First Circuit easily disposed of the matter holding that even if the provision "was in effect, it could

not be read to support Appellants argument [because] [a] grant of unfettered discretion to the Executive Director to authorize reinstatement salaries above what an employee was entitled to would not comport with the merit principle or the constitutional principle of 'equal pay for equal work.'" Id. at 110. Ultimately, the court held that a public employee's "reinstatement to a career position while maintaining the same salary from a trust position is a violation of Puerto Rico law and the merit principle." Id. at 111.

The First Circuit revisited this topic in Morales-Santigo v. Hernandez-Perez, 488 F.3d 465 (2007), where it said that under Puerto Rico law, "when a career employee moves to a trust position, the employee has a right to reinstatement to a trust position equivalent to the former career position, but may not retain the increased salary of the trust position." Id. at 470. It observed that

> [i]t has become common in Puerto Rico that as an election approaches, the administration in power, as a political measure to protect its party members, returns its trust employees to their previous positions as career employees. They do so not at the salary then scheduled for the career position, as provided for by Puerto Rico law, but rather at a salary in excess of that traditionally awarded for the position.

488 F.3d at 470. In those circumstances, "the new administration has authority to reduce that excessive salary to the scheduled salary for the career position." Id. (citing Colón-Santiago, 438 F.3d at 111). The court reiterated that "Puerto Rico law does not recognize a property interest in salaries paid to government employees that are illegally awarded." Id. at 472.

The Court can think of no reason why the electoral ban of the Personnel Act should not apply to ACAA's executives and employees. Particularly, considering that Plaintiffs concede Defendants' argument that ACAA is an arm of the Commonwealth entitled to Eleventh Amendment immunity, see Docket # 45 at 4, and that the First Circuit explained that while "[t]he Personnel Act is not applicable to public corporations that operate as private business […] [,] [these types of corporations] are

required to regulate their personnel issues in such a way as to protect and guarantee the merit principle." Colón-Santiago, 438 F.3d n. 2 (citing Torres-Solano v. PRTC, 127 P.R. Offic. Trans. 499 (1990); Flores-Román v. Ramos-Gonzáles, 127 P.R. Offic. Trans. 601 (1990)). In that scenario, Plaintiffs' due process claims would be foreclosed by First Circuit precedent.

While Plaintiffs also bring First Amendment claims, in Morales-Santiago, the First Circuit suggested that public employees may not even have a colorable First Amendment Claim under these circumstances. Because the assignment of salaries during the electoral ban violated Puerto Rico law, the court questioned whether the reduction of salaries previously raised by exception entitled employees to a First Amendment claim. 488 F. 3d at 469 (noting that "the claim does not literally fall within the scope of Rutan's[2] extension of First Amendment protection from job dismissals to promotion, transfer, recall, or hiring decisions."). "Indeed, it is not clear that a political discrimination claim could be maintained where reductions in salaries by exception are at issue, even when there is inconsistent application of regulatory discretion as to whether to reduce illegal salary increments." Id. at 471, n. 9. However, it chose not address the issue because it was not raised in the parties' briefs. Id. at 469. And it did not have to, because the employees' First Amendment claims failed to pass summary judgment scrutiny. The court also determined that the plaintiffs' equal protection claims failed because they were merely a restatement of their First Amendment claims. Id. at 471.

**Conclusion**

In light of the above, the Court hereby gives all parties 30 days to submit briefs on the following issues:

1) Whether the Personnel Act's electoral ban applies to the ACAA;

---

[2] Rutan v. Republican Party of Illinois, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990).

2) Assuming that the electoral ban applies, whether Plaintiffs have a First Amendment and/or equal protection claim for the reduction of salaries previously raised by exception during the ban.

Thus, Defendants' motions to dismiss at Dockets ## 16, 31 & 41 are **HELD** in **ABEYANCE** pending the parties' submission of briefs on these two issues.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of September, 2015.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge